**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO P. BERNARDO,<br><br>       Plaintiff,<br><br>v.<br><br>LTD FINANCIAL SERVICES, L.P., and JH LIQUIDATING TRUST I, INC.,<br><br>       Defendants. | Case No.  5:21-cv-00868<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**3. VIOLATION OF THE CALIFORNIA FAIR DEBT BUYING PRACTICES ACT, CAL. CIV. CODE § 1788.50 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes FRANCISCO P. BERNARDO ("Plaintiff"), by and through the undersigned, complaining as to the conduct of LTD FINANCIAL SERVICES, L.P. ("LTD") and JH LIQUIDATING TRUST I, INC. ("JH") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, and the California Fair Debt Buying Practices Act ("CFDBPA") pursuant to Cal. Civ. Code § 1788.50 *et seq.,* for Defendants' unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

## PARTIES

5. Plaintiff is a consumer over 18 years of age residing in Ontario, California, which is located within the Central District of California.

6. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

7. LTD is a third party debt collector that regularly attempts to collect debts owed to its clients from consumers located across the country, including those located in the state of California. LTD is a limited partnership organized under the laws of the state of Texas with its registered agent located at 1999 Bryan Street, Suite 900, Dallas, Texas.

8. JH is a debt purchaser who, upon information and belief, routinely purchases portfolios of charged off debts for pennies on the dollar. JH is a corporation organized under the laws of the state of Delaware with its principal place of business located at 166 West Washington Street, Suite 700, Chicago, Illinois.

9. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. The instant action arises out of Defendants' attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

12. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, the subject debt was charged off by the original creditor and subsequently sold to JH, who in turn hired LTD to attempt to collect upon the subject debt.

3

13. On or about February 24, 2021, LTD sent Plaintiff a collection letter attempting to collect upon the subject consumer debt.

14. This collection letter was the first written communication Plaintiff received from Defendants in connection with the subject consumer debt.

15. LTD's collection letter identifies the "Creditor" as JH, and further states that the "Creditor Account #" ends in 2388.

16. LTD's collection letter further states, "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agencies."

17. Plaintiff became confused and concerned as a result of LTD's letter, as he had no idea what debt LTD was referring to as he never had any sort of account with JH – a debt buyer – and so was left guessing from where the subject consumer debt originated.

18. Given the age of the debt and the fact it had clearly changed hands, LTD should have noted who the original creditor is, as such substantive information would have allowed Plaintiff to chart a reasonable and intelligent course of conduct in response to Defendants' collection efforts.

19. As such, Defendants' collection letter misled and deceived Plaintiff by completely depriving Plaintiff of any ability to go about intelligently responding to the nature of Defendant's collection efforts, given its failure to identify the original creditor from whom the subject debt emanated.

20. Plaintiff was deceptively and misleadingly prevented from being able to determine and assess the nature of Defendants' collection efforts, given the wholly deficient and incomplete information provided in the collection letter.

21. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's collection letter given the letter's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing and assessing the debt serving as the basis of Defendants' collection letter.

22. Defendants' collection letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendants' collection efforts.

23. Defendants' failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendants' failure to provide any information that would allow Plaintiff to determine the account upon which Defendants were attempting to collect deprived Plaintiff from being able to determine the legitimacy and appropriateness of Defendants' collection efforts – an underlying interest which is at the core of the FDCPA and RFDCPA.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others.

27. Defendants are further debt collectors as they are businesses the principal purpose of which is the collection of debts.

28. The subject debt is, upon information and belief, a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. Plaintiff is an ordinary consumer who would not have any non-consumer debts subjected to collection efforts.

29. Although LTD sent the letter alleged to be in violation of the FDCPA, upon information and belief JH exerted control over the nature and circumstances of LTD's collection efforts such that JH and LTD enjoy a principal-agent relationship, respectively, rendering JH vicariously liable for LTD's violations of law, in addition to JH's direct liability for the conduct outlined.

    **a. Violations of the FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendants violated 15 U.S.C. §§ 1692e & e(10) through their failure to provide clear and accurate information regarding the original creditor of the subject debt. LTD's collection letter and articulation (or lack thereof) of the original creditor confused and misled Plaintiff by depriving Plaintiff of necessary information which would have allowed Plaintiff to properly assess and determine the validity of Defendants' collection efforts. Given the age of the debt, the least sophisticated consumer could not reasonably be expected to figure out what underlying debt served as the basis of Defendants' collection efforts based on the information provided in the collection letter. Failing to provide sufficient information to consumers about what debt a debt collector is demanding payment on is inherently in violation of the letter and spirit of the FDCPA.

**b. Violations of the FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendants violated 15 U.S.C. § 1692f through the unfair nature in which they attempted to collect a debt from a consumer without providing that consumer any information reasonably calculated to allow such consumer to ascertain what specific debt Defendants were seeking collection on.

WHEREFORE, Plaintiff, FRANCISCO P. BERNARDO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

37. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

38. Defendants are "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section

8

1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

40. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendants violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendants engaged in deceptive and noncompliant conduct in their attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

41. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, FRANCISCO P. BERNARDO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE CALIFORNIA FAIR DEBT BUYING PRACTICES ACT
PLAINTIFF AGAINST JH

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. JH is a "debt buyer" as defined by Cal. Civ. Code § 1788.50(a)(1).

44. The subject consumer debt constitutes a "charged-off consumer debt" as defined by Cal. Civ. Code § 1788.50(a)(2).

**b. Violations of CFDBPA § 1788.52(d)(1)**

45. The CFDBPA, pursuant to Cal. Civ. Code § 1788.52(d)(1), requires debt buyers, in their first communication with consumers, to provide such consumers with a notice describing a consumer's rights to seek information from a debt buyer regarding such debt buyer's ability to seek collection of a particular debt.

46. JH violated § 1788.52(d)(1) by failing to ensure that the requisite notices were provided to Plaintiff in the first written communication sent to Plaintiff. Upon information and belief, JH instructed LTD to deliver the collection letter to Plaintiff on its behalf. Therefore, the CFDBPA required JH to provide Plaintiff with the written notices described therein, which it failed to do.

WHEREFORE, Plaintiff, FRANCISCO P. BERNARDO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.62(a)(1);

   c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.62(a)(2);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.62(c)(1); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: May 19, 2021                              Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com